# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

VANESE BANTZ,

    Plaintiff,

vs.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

No. C21-2020-LTS

**ORDER AWARDING ATTORNEY FEES UNDER THE EAJA**

## I. INTRODUCTION

This matter is before me on plaintiff Vanese Bantz's motion (Doc. 16) for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On December 6, 2021, I granted the Commissioner's unopposed motion to reverse and remand the case pursuant to sentence four of 42 U.S.C. § 405(g)). On February 27, 2022, Bantz timely filed a motion (Doc. 16) requesting an award of "attorney's fees of $4,905.90 and costs in the amount of $502.00, plus any amount which may be necessitated by the Agency opposing this motion." Doc. 16 at 1. Bantz provided a declaration from her attorney and an itemization of her attorney's time (Doc. 16-1) and cited the hourly adjusted rate of $207.00 pursuant to the Consumer Price Index (Doc. 16 at 1). The Commissioner filed a response (Doc. 17) in which she did not object to attorney's fees of $4,905.90 and costs of $402.00, but did object to the inclusion of counsel's $100.00 pro hac vice admission fee as a cost. Doc. 17. Bantz then filed a reply (Doc. 19).

## II. DISCUSSION

### A. Legal Standards

Attorney fees and other expenses may be awarded to a "prevailing party" in a Social Security appeal under the EAJA. 28 U.S.C. § 2412(d). The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (finding no special circumstances but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"). The Eighth Circuit has, however, specifically addressed when a position is "substantially justified." *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified,

the [Commissioner] must show that her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))).

To obtain an EAJA award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). However, "the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004). The government may waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart,* 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the applicable statutory amount at the time], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). Attorney fees awarded under EAJA are payable to the litigant, not directly to the litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 591–94 (2010).

**B. Analysis**

   **1. Stipulated Attorney's Fees**

I find that Bantz is a "prevailing party" and the Commissioner has not shown "substantial[] justi[fication]" or "special circumstances" to preclude an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(1)(A). Although the parties have stipulated to the payment of attorney's fees of $4,905.90, I must conduct an independent review to assess the reasonableness of the proposed attorney fees. Bantz's attorney spent 21.4 hours in 2021 and 2.3 hours in 2022 on this case, for a total of 23.7 hours. Doc. 16-1 at 2. Bantz requests an hourly rate of $207.00 for all hours worked, which is more than the statutory maximum of $125 per hour before applying any cost-of-living adjustment. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Bantz has established that the effective hourly rate requested for attorney time is permissible under 28 U.S.C. § 2412(d)(2)(A)(ii) and the total hours requested are reasonable, as she has demonstrated that an increase in the cost of living justifies a $207.00 hourly rate.[1] Thus, the stipulated fees are reasonable and appropriate. Bantz is entitled to an EAJA award in the amount of attorney fees of $4,905.90, to be paid by the Social Security Administration. The EAJA award shall be made payable to Bantz and is subject to offset to satisfy any pre-existing debt she may owe to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

---

[1] "The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place." *T.R. v. Berryhill*, No. 17-cv-5587 (ECW), 2019 WL 4857708, at *2 (D. Minn. Oct. 2, 2019). Here, the calculation for 2021 is $125 x 270.970/155.7, which equals $217.54. *See* U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?years_option=all_years. Bantz's suggested rate of $207.00 multiplied by 23.7 hours equals $4,905.90.

### 2. *Costs and Pro Hac Vice Fees*

The Commissioner cites authority from outside the Eighth Circuit as support for its argument that pro hac vice admission fees are not recoverable under the EAJA. Doc. 17 at 1-3. However, the Eighth Circuit has held "that *pro hac vice* fees are recoverable as fees of the clerk under [28 U.S.C.] § 1920." *Craftsmen Limousine, Inc. v. Ford Moto Co.*, 579 F.3d 894, 898 (8th Cir. 2009). I find *Craftsmen Limousine* to be controlling authority, as the EAJA incorporates 28 U.S.C. § 1920 in defining "a judgment for costs." 28 U.S.C. § 2412(a)(1). Therefore, Bantz is entitled to a costs award in the amount of $502.00 to be paid by the Department of Treasury. *See id.* §§ 2412(c)(1), 2414; 31 U.S.C. § 1304.

### III. CONCLUSION

Based on the foregoing, Bantz's motion for attorney fees under the Equal Access to Justice Act (Doc. 16) is **granted**. Bantz is hereby awarded attorney fees in the amount of **$4,905.90**, to be paid by the Social Security Administration. Bantz is also awarded costs in the amount of **$502.00**, to be paid by the Judgment Fund administered by the Department of Treasury.

**IT IS SO ORDERED.**
**DATED** this 18th day of March, 2022.

_____
Leonard T. Strand, Chief Judge